(No. 5316—

UNION ELECTRIC COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 17, 1966.*

UNION ELECTRIC COMPANY, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant seeks payment for electrical service rendered to the State of Illinois, Department of Public Works and Buildings, Division of Highways, at 7th and Bowman Avenue, East St. Louis, Illinois, for a period from October 16, 1962 to November 16, 1962 in the sum of $672.59.

A report of the Division of Highways was filed herein on the 4th day of August, 1966, and states as follows:

"From the period October 16, 1962 to November 16, 1962 claimant, Union Electric Company, furnished electrical service for the pumping sta-

tion at 7th and Bowman Avenue, East St. Louis. The charges for the electrical service were the usual, reasonable, and customary charges for such service in the community where furnished.

"No part of this bill has been paid by the Division of Highways, Department of Public Works and Buildings, or other State agency, for the reason that the bill was not presented, scheduled, and processed until some time after September 30, 1963, when the 72nd biennium appropriations lapsed.

"The service had been ordered by persons having proper authority, and the charges are true and correct. Claimant's invoice would have been vouchered and paid in the regular course of business if it had been submitted to the proper office at the appropriate time. Appropriations had been made by the State Legislature covering these charges, and, as of September 30, 1963, there was an unobligated balance in a sufficient amount in the appropriation from which claimant's invoice could and would have been paid."

A written stipulation was entered into between claimant and respondent clearly adopting the facts set forth in the Departmental Report as the sole and only evidence in this cause. From this Report, the Court establishes that the appropriation from which this claim could have been paid had lapsed.

This Court has heretofore previously held on many occasions that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. The Departmental Report establishes all of the qualifications for an award.

Claimant is hereby awarded the sum of $672.59.